## IN THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIRLEY COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES LLC EXPERIAN INFORMATION SOLUTIONS, INC., and CORELOGIC CREDCO, LLC <br><br> Defendants. | Civil Action No. |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Shirley Collins, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*.

### THE PARTIES

2. Plaintiff Shirley Collins is an adult individual residing in Nitro, WV.

3. Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

4. Defendant Equifax Information Services, LLC (hereafter "Equifax") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principle place of business at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

5. Defendant, Experian Information Solutions, Inc., (hereafter "Experian") is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

6. Defendant, Corelogic Credco, LLC (hereafter "Credco") is a consumer reporting agency and reseller of credit information which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 12395 First American Way, Poway, CA 92064.

## JURISDICTION & VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331..

8. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information") since at least January 2013 through the present.

10. The inaccurate information includes, but is not limited to, accounts with EOS CCA, Midland Funding, IC Systems, First National Collect, Capital One, Verizon, GECRB/Shaw Financial Sol, GECRB/Tjx Cos, GE Capital/Walmart, Green Tree Servicing, One Main, Universal Card/Citibank and other personal information that does not belong to Plaintiff.

11. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not

belong to the Plaintiff, and that actually belong to another consumer. Due to Defendants Experian, Equifax and Trans Union's faulty procedures, these Defendants mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

12. Due to Defendant Credco's faulty procedures, Credco prepared a credit report with credit information from Defendants Trans Union, Equifax and Experian that was mixed with that of another consumer.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

14. Plaintiff has disputed the inaccurate information with Experian from March 2013 through the present.

15. Notwithstanding Plaintiff's efforts, Experian has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Experian continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Experian has repeatedly published and disseminated consumer reports to such third parties from at least March 2013 through the present.

16. Despite Plaintiff's efforts, Experian has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's dispute to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

17. Despite Plaintiff's exhaustive efforts to date, Trans Union, Experian and Equifax nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

18. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### COUNT I – EXPERIAN
### VIOLATIONS OF THE FCRA

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

5. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

6. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

### COUNT II – EQUIFAX, TRANSUNION, CREDCO
### VIOLATIONS OF THE FCRA

7. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

8. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

9. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

11. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. §§ 1681e(b).

12. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation.

## JURY TRIAL DEMAND

68. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:   */s/ Mark Mailman*
        MARK MAILMAN, ESQUIRE
        GREGORY GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: October 24, 2014